No. 24,730.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARVEY, *Appellant*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

HIGHWAYS—*Relocation of Road to Avoid Dangerous Railroad Crossings—Crossings Not Eliminated—Costs of Relocation.* The county commissioners relocated a county road, making it parallel with a railroad track, in order to save going over two dangerous grade crossings. The crossings were left open for public use as before, but became part of the township instead of the county road system. *Held*, the crossings were not eliminated, within the meaning of section 5 of chapter 245 of the Laws of 1919, authorizing the charging of part of the cost of eliminating grade crossings to the railroad company.

Appeal from Harvey district court; WILLIAM G. FAIRCHILD, judge. Opinion filed December 8, 1923. Affirmed.

*C. B. Griffith*, attorney-general, *J. Sidney Nye*, county attorney, *William H. von der Heiden*, and *Ashton E. Morgan*, both of Newton, for the appellant.

*W. P. Waggener, J. M. Challis, O. P. May*, all of Atchison, and *Harry C. Bowman*, of Newton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to require the railroad company to reimburse the county for part of its expenditures in relocating a highway. A demurrer to the petition was sustained, and the plaintiff appeals.

In 1917, the legislature passed an act looking toward establishment of a modern highway system in the state, and giving assent to

the act of congress relating to aid in the construction of rural post roads. Boards of county commissioners were required to classify roads according to relative importance as "county roads" and "township roads." County roads include the main traveled highways which connect cities and market centers of the county and connect with county roads in adjoining counties. All other roads are township roads. County road systems are subject to approval of the state highway engineer, who has final authority to determine correct lines to be followed, having regard to volume of traffic, continuity, and cost of construction and maintenance. Construction and maintenance of county roads devolves on the county, of township roads on the townships. As county road systems are perfected, they are to be enlarged by taking in portions of the township systems. Section 18 of the act, as amended in 1919, reads in part as follows:

"That it shall be the duty of the county engineer and board of county commissioners, in designating the county road system, to eliminate all steam or electric road grade crossings and all other dangerous places on such highways so far as practicable, by paralleling such steam or electric roads, constructing undergrade or overhead crossings, or relocating the highways, or by the use of such other means as may be necessary to properly safeguard the traveling public: *Provided,* That the expense of eliminating railroad crossings shall be divided between the railroad company and the county, as the case may be, in a fair and equitable proportion, to be determined by the state highway commission, which shall determine the necessity for eliminating such crossing. . . .

"If lands are appropriated for the relocation of any county or township road, which relocation is deemed necessary to avoid one or more railroad crossings or other dangerous places, the railroad company shall pay such part of the cost thereof, not less than one-half nor more than three-fourths, as is determined by the state highway commission: *Provided,* That said part of the cost shall be paid by the railroad company to the county and shall be used to reimburse the funds from which the cost of land and damages were paid." (Laws 1919, ch. 245, § 5.)

Pursuant to direction of the state highway engineer, and by proceedings formally regular, the commissioners condemned and purchased land and relocated a county road to parallel the railroad and save going over two dangerous grade crossings. The road is part of what is known as the Meridian highway, designed to connect Winnipeg, Canada, with Mexico City, Mexico, and is a well-traveled road. The crossings are still necessary for public use, and they were not closed or otherwise affected. No danger to those who need to

52—114 Kan.

use them was reduced in kind or degree; all the duties, responsibilities and liabilities of the railroad company respecting them remain as before; and except that some travel over the crossings will be diverted to the new road, nothing has been accomplished except to classify the crossings as in the township road system instead of the county road system.

Liability of the railroad company to contribute to the cost of the new road depends on the interpretation given the statute. The subject which the legislature had under consideration was the danger created by grade crossings—danger to users of the highway, danger to the railroad company's employees and property, and danger to persons and property transported by the railroad company. This danger is to be forestalled by eliminating grade crossings, or avoiding them. Normally, the terms "eliminate" and "avoid" would be accorded forcefulness in keeping with the subject to which they refer, and the legislature has left no room for doubt about its meaning. When a highway crosses and then recrosses a railroad track, the highway should parallel the track without crossing it. If the highway must cross the track, then undergrade or overhead crossings should be installed. In proper cases the highway should be taken away from the railroad and located on another route. "Such other means" refers to other like means, and the clear intention was to make grade crossings nonexistent wherever practicable to do so.

The legislature dealt with grade crossings as physical facts. Road changes placing crossings in township jurisdiction instead of county jurisdiction, but leaving a traveled highway lying upon operated railroad tracks in the same condition as before, may eliminate the crossings from the county road map, but the physical facts are not changed. The minimizing of danger at grade crossings which it is not practicable to eliminate or avoid, is fully provided for in the statute. Crossings may be protected or improved. The highway may be widened. Warning signals and safety devices may be required at the expense of the railroad companies. Removal of spoil banks and obstructions to view may be required at joint expense of the county and the railroad companies. Warning signs on each side of a crossing may be required at the expense of the county. What the legislature had in view by the provisions under interpretation was physical extinction of grade crossings and, as the statute is framed, a railroad company may not be required to contribute to the expense of constructing a highway ostensibly for the purpose of

eliminating grade crossings, but which leaves the crossings in precisely the same condition and freely open to public travel.

The judgment of the district court is affirmed.